IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LULA WESTBROOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-01728-L (BT) |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Lula Westbrook filed 16 nearly identical cases in this Court on the same day—including this one. In each case, she also filed a motion for an emergency injunction. She did not pay the filing fee in this case or any other. As explained in a memorandum order and opinion dismissing one of the other lawsuits, Westbrook's allegations are "difficult to decipher and nonsensical" and amount to "nothing more than gibberish." *Westbrook v. Navy Fed. Credit Union, et al.*, No. 3:24-cv-1726-D-BK, (N.D. Tex. July 11, 2024) (ECF No. 5 at 3) (J. Fitzwater).[1] Westbrook's complaint in this case suffers from the same problems; accordingly, the Court should dismiss this lawsuit with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

---

[1] That same order also sanctioned Westbrook for her abusive filing history, which includes the 16 referenced cases, along with two others that she filed earlier. *See id.* at 3-4. Going forward, Westbrook is barred from filing future actions in this Court without obtaining leave from a district or magistrate judge. *See id.*

## Legal Standards and Analysis

Because Westbrook did not pay the filing fee, the Court presumes that she seeks leave to proceed *in forma pauperis* (IFP). *See, e.g., Cole v. Off. of Clerk,* 2021 WL 3024857 (N.D. Tex. June 8, 2021), *rec. accepted* 2021 WL 3023394 (N.D. Tex. July 16, 2021). Thus, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

Here, Westbrook identifies defendants that she wishes to sue, such as the Internal Revenue Service and its Commissioner, Daniel Werfel, but she alleges no coherent facts from which the Court can discern a cognizable cause of action. Her allegations—consisting of mostly incoherent combinations of words with a smattering of references to legal principles and statutes—are irrational, delusional, and nothing more than gibberish. *See* ECF No. 3 at 1; *see also Westbrook v. Navy Fed. Credit Union, et al.*, No. 3:24-cv-1726-D-BK, (N.D. Tex. July 11, 2024) (ECF No. 5 at 3) (J. Fitzwater) ("[E]ven under this liberal standard, Westbrook has failed to state a plausible or viable claim or anything that can be construed as one. And, as illustrated here, her factual contentions are nonsensical and thus inadequate to support any cognizable claim.")

Thus, Westbrook's complaint should be summarily dismissed with prejudice as legally and factually frivolous.

## Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before her case is dismissed, but leave is not required when she has already pleaded her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, Westbrook has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is unlikely that, given the opportunity, Westbrook could allege cogent and viable legal claims. The Court therefore concludes that granting leave to amend would be futile, would cause needless delay, and is unwarranted.

3

## Recommendation

The Court should dismiss this lawsuit with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

September 19, 2024.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).